## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PIZZA SERVICE, LTD., | ) Case No. 09 B 31208 |
| | ) |
| Debtor and Debtor in Possession. | ) Hon. Susan Pierson Sonderby |
| | ) Hearing: 9/15/2009 at 10 a.m. |

### AFFIDAVIT OF PROPOSED ATTORNEY

I, Forrest L. Ingram (the "Attorney"), being first duly sworn upon oath, depose and state as follows:

1. I am an attorney at law, in good standing, admitted to practice law before the United States District Court for the Northern District of Illinois, and am the principal of the law firm of FORREST L. INGRAM, P.C., which maintains offices at 79 W. Monroe, Suite 900, Chicago, IL 60603-4907.

2. I have been engaged, subject to approval of the Bankruptcy Court, to represent the Debtor and Debtor in Possession in this case.

3. On August 3, 2009 I entered into an agreement for legal services with Debtor. The agreement provides for a **$15,000.00 pre-petition advance retainer**, plus the filing fee and administrative fee of **$1039.00.** Prior to the filing of this case, the Debtor made installment payments totaling $16,039.00, which were deposited in the client trust account of Forrest L. Ingram, P.C.

4. Under the terms of the Engagement Agreement, Forrest L. Ingram and Peter L. Berk will be paid at their customary hourly rates by the Debtor, upon approval of fees by the Court.

5. Because of the Debtor's present financial needs, the issues involved, and the immediacy of the actions that need to be taken to protect the Debtor and the Debtor's estate, it is



EXHIBIT B

in the best interest of the Debtor and of the estate that Forrest L. Ingram and Peter L. Berk be appointed to represent the Debtor and Debtor in Possession in this case.

6. The Attorney has received no other monies, promises of money, properties, or promises of properties from the Debtors, or from any other person or entity on behalf of the Debtors in connection with this case.

7. The Attorney has made no agreement to share his fees from this case with any other person except for his co-counsel Peter L. Berk and those who are employed as attorneys or engaged as independent contractors by the Attorneys on an ongoing basis.

8. Forrest L. Ingram and Peter L. Berk will represent the Debtor and Debtor in Possession in these Chapter 11 proceedings. No attorney employed or engaged by the Attorney holds or represents an interest adverse to the estate; all are "disinterested persons" within the meaning given that term in 11 U.S.C. §327(a).

9. The Attorney and his firm's attorneys and employees have no connection with the Debtor or any business operated by the Debtor, or with the Debtor's creditors or other attorneys, the United States Trustee, or any person employed in the office of the United States Trustee which would disqualify the Attorney from representing the Debtor in this case.

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Forrest L. Ingram

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PIZZA SERVICE, LTD., | ) Case No. 09 B 31208 |
| | ) |
| Debtor and Debtor in Possession. | ) Hon. Susan Pierson Sonderby |
| | ) Hearing: 9/15/2009 at 10 a.m. |

## AFFIDAVIT OF PROPOSED ATTORNEY

I, Peter L Berk (the "Attorney"), being first duly sworn upon oath, depose and state as follows:

1. I am an attorney at law, in good standing, admitted to practice law before the United States District Court for the Northern District of Illinois, and am the principal of the law firm of the Law Office of Peter L Berk, which maintains offices at 79 W. Monroe, Suite 900, Chicago, IL 60603-4907.

2. I have been engaged, subject to approval of the Bankruptcy Court, to represent the Debtor and Debtor in Possession in this case.

3. On August 3, 2009, I entered into an agreement for legal services with Debtor. The agreement provides for a **$15,000.00 pre-petition advance retainer**, plus the filing fee and administrative fee of **$1039.00.** Prior to the filing of this case, the Debtors made installment payments totaling $16,039.00, which were deposited in the client trust account of Forrest L. Ingram, P.C.

4. Under the terms of the Engagement Agreement, Forrest L. Ingram and Peter L. Berk will be paid at their customary hourly rates by the Debtor, upon approval of fees by the Court.

5. Because of the Debtor's present financial needs, the issues involved, and the immediacy of the actions that need to be taken to protect the Debtor and the Debtor's estate, it is

in the best interest of the Debtor and of the estate that Forrest L. Ingram and Peter L. Berk be appointed to represent the Debtor and Debtor in Possession in this case.

6. The Attorney has received no other monies, promises of money, properties, or promises of properties from the Debtor, or from any other person or entity on behalf of the Debtor in connection with this case.

7. The Attorney has made no agreement to share his fees from this case with any other person except for his co-counsel Forrest L. Ingram and those who are employed as attorneys or engaged as independent contractors by the Attorneys on an ongoing basis.

8. Forrest L. Ingram and Peter L. Berk will represent the Debtor and Debtor in Possession in these Chapter 11 proceedings. No attorney employed or engaged by the Attorney holds or represents an interest adverse to the estate; all are "disinterested persons" within the meaning given that term in 11 U.S.C. §327(a).

9. The Attorney and his firm's attorneys and employees have no connection with the Debtor or any business operated by the Debtor, or with the Debtor's creditors or other attorneys, the United States Trustee, or any person employed in the office of the United States Trustee which would disqualify the Attorney from representing the Debtors in this case.

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Peter L. Berk